**NOT PRECEDENTIAL**

**UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT**

_____

No. 24-2566

_____

OMAR SIERRE FOLK,
                              Appellant

v.

RICK PEDDICORD; JAMES MCBRIDE; YORK CITY POLICE

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 3:07-cv-01499)
District Judge:  Honorable Robert D. Mariani

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
January 16, 2025

Before: RESTREPO, FREEMAN, and NYGAARD, <u>Circuit Judges</u>

(Opinion filed: February 20, 2025)
_____

OPINION*
_____

PER CURIAM

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Omar Sierre Folk appeals the District Court's order denying his motion filed pursuant to Rule 60(b)(6). For the reasons that follow, we will summarily affirm the District Court's order.

In 2007, Folk filed a civil rights complaint against several defendants. In 2008, the District Court granted defendants' motion for summary judgment as unopposed and entered judgment in favor of defendants. Folk did not file a notice of appeal. Fifteen years later, in 2023, Folk filed a motion pursuant to Fed. R. Civ. P. 60(b)(6) seeking to reopen the District Court's judgment. The District Court denied the motion as untimely, having determined that it was not filed within a reasonable time, and also concluded that Folk had failed to show exceptional circumstances warranting Rule 60(b)(6) relief. Folk then filed a motion for reconsideration, and, after the District Court denied that motion, he filed a timely notice of appeal.

We have jurisdiction under 28 U.S.C. § 1291 and review the denial of a Rule 60(b)(6) motion for an abuse of discretion. Cox v. Horn, 757 F.3d 113, 118 (3d Cir. 2014). Summary action is appropriate if there is no substantial question presented in the appeal. See 3d Cir. L.A.R. 27.4. We may summarily affirm a District Court's decision "on any basis supported by the record" if the appeal fails to present a substantial question. Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam).

A court may reopen a judgment under Rule 60(b)(6) only in extraordinary circumstances where extreme hardship would occur without relief. Cox, 757 F.3d at 120. On appeal, Folk argues that the District Court erred in not reopening its judgment based on the Supreme Court's recent decision in Chiaverini v. City of Napoleon, 602 U.S. 556

(2024) (holding that probable cause for one charge does not defeat a malicious prosecution claim for another charge). In granting summary judgment for the defendants, however, the District Court did not conclude that there was probable cause for one of the charges Folk was prosecuted for but not the other. Rather, the District Court granted their motion for summary judgment as unopposed. Moreover, in light of the evidence presented at Folk's criminal trial, see ECF #24, the District Court did not abuse its discretion in determining that Folk had not established that the defendants initiated the criminal proceedings without probable cause. We agree with the District Court that Folk did not establish extraordinary circumstances to warrant relief pursuant to Rule 60(b)(6).

For the above reasons, we will summarily affirm the District Court's order. See 3d Cir. I.O.P. 10.6. Folk's "Motion for Briefing Schedule" and any other requests within that motion, including his request for appointment of counsel, are denied.